**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50619 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00315-BRO-1 |
| v. | |
| JOSEPH JACOB RAMIREZ, AKA Jamie Ojeda, AKA Jacob Ramirez, AKA Jimmy Torres, AKA James Young, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted April 7, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Joseph Jacob Ramirez appeals his 90-month sentence imposed by the district court following his guilty plea to several credit card fraud-related crimes. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The district court did not plainly err when it assigned two criminal history points for a prior assault conviction, in accordance with United States Sentencing Guideline § 4A1.1(b). Ramirez's presentence investigation report listed Ramirez's sentence for the assault conviction as "120 days jail," and Ramirez failed to object to this characterization either in responding to the presentence report or at the sentencing hearing. We decline to take judicial notice of the Superior Court documents Ramirez proffers for the first time on appeal, because the documents are "subject to varying interpretations, and there is a reasonable dispute as to" what they establish. *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).

Nor did the district court plainly err when it imposed a sentence in the middle of the Sentencing Guidelines range after considering Ramirez's arguments for a variance. *See United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc).

Finally, the district court did not abuse its discretion in imposing a 90-month sentence. This sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United*

*States*, 552 U.S. 38, 51 (2007).  The district court need not, and indeed "cannot compare a proposed sentence to the sentence of every criminal defendant who has ever been sentenced before."  *United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010).

**AFFIRMED.**